UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

-against-

PATRICK JAMES and EDWARD JAMES,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/5/2026

26 Cr. 29 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Before the Court is Defendant Patrick James' ("Defendant") motion to quash a grand jury subpoena dated February 25, 2026. *See* Mot., ECF No. 28. The Government opposes, *see* Opp., ECF No. 37, and has also submitted an *ex parte* letter, dated March 12, 2026, under seal to the Court providing further support for its opposition. *See id.* at 1 n.1. For the reasons stated below, Defendant's motion is DENIED.

## BACKGROUND

On January 27, 2026, Defendant, along with his brother and co-defendant, Edward James, was charged in a nine-count indictment with various financial crimes related to the operation and financing of First Brands Group, LLC, a global manufacturer and distributor of automative replacement parts. *See* Mot. at 1–2; Indictment, ECF No. 1. The indictment alleges that from 2018 through 2025, Defendant "and others engaged in a series of complex schemes to defraud private credit funds and unidentified financial institutions." Mot. at 4.

On February 25, 2026, the Government issued a grand jury subpoena to the Cooperative Title Agency of Florida ("CTA"), *see* CTA Subpoena, ECF No. 29-1. The subpoena compels CTA to "appear and attend" before the grand jury to "testify and give evidence [with respect] to an alleged violation of" various criminal statutes and one regulation, or, in the alternative, to produce of "all documents related to": (i) "7575 Water Fall Trail, Chagrin Falls OH 44022" (the

"Chagrin Falls Property"), (ii) "Any property in the name of or associated with Haught Thomas Trustee," and (iii) "Any property in the name of or associated with Laufenberg Gary Trustee." CTA Subpoena at 2–3; *see id.* at 2 ("Personal appearance is not required if the requested materials are . . . produced on or before the return date."). The Chagrin Falls Property was "acquired" in August 2016 by a trust "established for the benefit of [Defendant's] wife" (the "Trust") and was sold on January 23, 2026. Mot. at 1. Gary Laufenberg was appointed as trustee in November 2025 and oversaw the sale of the Chagrin Falls Property. *Id.*

Defendant contends that the grand jury subpoena should be quashed because it is, in fact, being used as a "trial-preparation" tool and does not serve an investigatory purpose. Mot. at 1–2. Defendant also requests that the Court "order the Government to identify all grand jury subpoenas issued after the Indictment was returned [on January 27, 2026]." Mot. at 2. The Government argues that Defendant lacks standing to challenge a grand jury subpoena issued to a non-party and that Defendant has not shown that the subpoena constitutes an abuse of the grand jury process. *See* Opp. at 1.

## DISCUSSION

Defendant has standing to bring this motion. Although the Government is correct that the subpoena was issued to a non-party, *see In re Grand Jury Subpoena Duces Tecum Dated May 9, 1990*, 741 F. Supp. 1059, 1060 n.1 (S.D.N.Y. 1990), courts within this Circuit have routinely evaluated criminal defendants' challenges to third-party subpoenas when those challenges assert that the subpoena constitutes an abuse of the grand jury process. *See, e.g.*, *United States v. Raphael*, 786 F. Supp. 355, 356, 358–59 (S.D.N.Y. 1992) (evaluating a defendant's challenge to three grand jury subpoenas to non-parties); *see also* Reply at 2–3, ECF No. 42 (collecting cases). Because Defendant's motion alleging abuse of the grand jury process "ultimately seek[s] to

2

prevent trial prejudice," Defendant's motion seeks to protect his own interests, and he has standing to bring this motion. *United States v. Punn*, 737 F.3d 1, 9–10 (2d Cir. 2013).

Defendant's claims, however, fail on the merits. Grand jury proceedings enjoy a "presumption of regularity," and this presumption applies to grand jury subpoenas even when they are issued after an indictment. *United States v. Leung*, 40 F.3d 577, 581 (2d Cir. 1994). Accordingly, the burden is on the defendant to "show[] that the Government's use of the grand jury was improperly motivated." *Id.* A defendant may not meet this burden solely by providing "speculations about the Government's motives" for issuing the grand jury subpoena, and the mere fact that a subpoena was issued after an indictment is likewise insufficient to meet this burden. *United States v. Bin Laden*, 116 F. Supp. 2d 489, 493 (S.D.N.Y. 2000); *see id.* 491–93 (discussing cases, and noting that in the "only . . . Second Circuit case in which the court ha[d] quashed a grand jury subpoena" at the time of the court's decision, "prosecutorial impropriety was the only reasonable inference that could be drawn from the facts presented").

Defendant fails to rebut the presumption of regularity that attaches to grand jury subpoenas. *See Punn*, 737 F.3d at 6 ("To satisfy [his] burden, the defendant 'must present particularized proof of an improper purpose.'" (quoting *United States v. Salameh*, 152 F.3d 88, 109 (2d Cir. 1998)). He argues that the subpoena's post-indictment issuance and the fact that it cites "the same offenses charged in the indictment" while adding offenses not charged demonstrate that the subpoena is irregular. *See* Mot. at 7–9; Reply at 5–6. But the mere fact that the subpoena cites already-charged offenses does not mean that the evidence the subpoena seeks is irrelevant to "additional violation[s] of those statutes, . . . or expanded violations of those same statutes [that] would support further investigation." Opp. at 4. Likewise, the subpoena's purported errors (stating the trustees' names "backwards" by "apparently cop[ying] from

3

publicly available records" and using multiple addresses), *see* Reply at 6, reflect little more than the fact that the Government's and the grand jury's investigation into potential offenses is ongoing.[1]

These facts alone do not indicate a "sequence of events demonstrating an irregularity" sufficient to rebut the presumption of regularity. *United States v. Ohle*, 678 F. Supp. 2d 215, 233 (S.D.N.Y. 2010). *In re Grand Jury Subpoena Duces Tecum Dated January 2, 1985 (Simels)*, 767 F.2d 26, 29–30 (2d Cir. 1985), the case on which Defendant principally relies, *see* Mot. at 7–8, demonstrates this. In *Simels*, the Second Circuit quashed a grand jury subpoena which sought evidence that "was initially sought . . . through a trial" and not through a grand jury subpoena, even though a separate grand jury investigation was ongoing. *See Simels*, 767 F.2d at 29 ("[W]hen the trial subpoena was issued, we assume that the government knew that Simels' evidence might bear on matters relevant to the grand jury's investigation."). The grand jury subpoena was also issued months after the last witness had been called in grand jury proceedings, and the Government explained its delay by claiming that the prosecution was "otherwise occupied" during the relevant time period. *Id.* at 30. Because the "improper purpose was patently obvious from the series of events," the Second Circuit concluded that the subpoena was improper. *Bin Laden*, 116 F. Supp. 2d at 492 (discussing *Simels*); *see also United States v. Calk*, 87 F.4th 164, 186–87 (2d Cir. 2023) (holding that a defendant had rebutted the presumption of regularity where the Government had used a grand jury subpoena to speak with a potential trial witness "twenty months into the pendency of the case, with a trial date

---

[1] The Court rejects Defendant's assertion that "the documents sought by the [s]ubpoena could not plausibly lead to new charges against [Defendant] or anyone else" as speculative and conclusory. Mot. at 9; *see* Opp. at 4 (characterizing Defendant's claims as "speculative and self-serving"). Likewise, Defendant's claim that the subpoena is irregular because the Government has a "clear incentive" to abuse the grand jury process ultimately does not rest on concrete facts in this case. Mot. at 9.

approaching" and after having failed to speak with the witness "informally").  Accordingly, "less compelling forms of circumstantial proof," such as the proof Defendant offers here, are regularly "dismissed . . . as insufficient evidence of improper government conduct."  *Bin Laden*, 116 F. Supp. 2d at 492 (discussing *Leung*, 40 F.3d at 581, as holding that a grand jury indictment is not necessarily improper even where the grand jury "did not subsequently indict other individuals or supersede its indictment").

Finally, even if Defendant had made an initial showing of grand jury abuse, the Government has met its burden to demonstrate that the subpoena is not motivated by an improper purpose.  *See* Mot. at 9–10; *Calk*, 87 F.4th 186–88.  The Government's *ex parte* letter indicates that the Government's investigation into potential charges and potential co-conspirators is ongoing, and that the subpoena may lead to relevant information concerning this investigation. *See* Gov't *Ex Parte* Ltr. at 2; *see also Calk*, 87 F.4th at 187–88 (holding that the Government had demonstrated that a grand jury subpoena was proper even where the strength of the claims investigated by the grand jury was uncertain).[2]

## CONCLUSION

Accordingly, Defendant's motion to quash the grand jury subpoena is DENIED.[3]  The stay entered by the Court at ECF No. 32 is LIFTED; the return date of the grand jury subpoena dated February 25, 2026, is MODIFIED to **May 14, 2026**.

---

[2] The Government's submission of an *ex parte* letter, on these particular facts, is permissible to protect grand jury secrecy.  *See* Opp. at 1 n.1; *see also SEC v. Beacon Hill Asset Mgmt. LLC*, No. 02 Civ. 8855, 2004 WL 367673, at *1 (S.D.N.Y. Feb. 25, 2004).

[3] Defendant also requests that the Court order *in camera* review of the Government's justifications of the subpoena. *See* Mot. at 10–11.  The Government's *ex parte* establishes the propriety of the subpoena.  Because the Court has discerned no abuse of the grand jury process, Defendant's request that the Court order the Government to "identify all grand jury subpoenas issued after the [i]ndictment was returned on January 27, 2026" is denied.  Mot. at 11–12.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 28.

SO ORDERED.

Dated: May 5, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

6