quinn emanuel  trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/17/2026____

WRITER'S EMAIL ADDRESS
scotthartman@quinnemanuel.com

June 8, 2026

**VIA ECF**

Hon. Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:      United States v. Patrick James and Edward James, 26-CR-00029-AT

Dear Judge Torres:

We represent Defendant Patrick James in the above-referenced matter and respectfully write to request that the Court modify Mr. James's conditions of pretrial release to replace home detention with a curfew.  Mr. James has complied with his conditions of pretrial release since his arrest and the Government and the Office of Pretrial Services do not object to the requested modification.  Specifically, the parties have agreed on the following proposed conditions: (1) a curfew requiring Mr. James to return to his residence by 6:00 p.m. each day, subject to modifications approved by Pretrial Services; (2) travel restricted to the Southern and Eastern Districts of New York; and (3) enhanced telephonic location monitoring, with the frequency of check-ins to be set at Pretrial Services' discretion.  As explained below, it is respectfully submitted that home detention is no longer the "least restrictive" condition to reasonably assure Mr. James's appearance at trial and that the statutory factors of 18 U.S.C. § 3142(g) weigh in favor of the requested modification.

**I.       Background**

Mr. James made his initial appearance in this District on February 4, 2026.  During his arraignment, Magistrate Judge Tarnofsky released Mr. James on a $50 million bond with two cosigners, subject to home detention enforced through cell phone location monitoring, surrender of his passport, travel restrictions to the Southern and Eastern Districts of New York, and prohibition on private air travel.  *See* Dkt. No. 16.  Judge Tarnofksy also imposed conditions

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON |
LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

prohibiting contact with identified victims or witnesses except in the presence of counsel, barring possession of firearms or destructive devices, and requiring advance Pretrial Services approval for any new financial accounts or change of residence.

Since Mr. James's arraignment, the Government has produced over 4.4 million documents consisting largely of materials obtained from more than one hundred thirty three third parties. The productions include emails, internal communications, financial records, accounting data, transaction records, and other electronically stored information, spanning approximately 1990 to the present. To understand these third-party materials, defense counsel has met with Mr. James in-person in Manhattan on a weekly basis. Under his current conditions of pretrial release, Mr. James is required to provide pretrial services with at least 48 hours' advance notice before leaving his residence for these meetings. Mr. James has fully complied with these requirements, as well as all other conditions imposed by the Court and Pretrial Services. As noted above, the Office of Pretrial Services does not object to replacing Mr. James's home detention with a curfew.

## II.    **Legal Standard**

"Under the Bail Reform Act, courts are required to release a defendant 'subject to the least restrictive further condition, or combination of conditions, that [it] determines will reasonable assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Rains*, No. 22-CR-18 (NSR), 2022 WL 4534540, at *1 (S.D.N.Y. Sept. 28, 2022) (quoting 18 U.S.C. § 3142(c)(1)(B)).

Pursuant to 18 U.S.C. § 3142(c)(3), courts "may at any time amend the order to impose additional or different conditions of release." Courts have recognized that "judicial 'authorization to amend a release order' under § 3142(c) arises where there is 'a changed situation or new information [that] warrant[s] altered release conditions.'" *Raines*, 2022 WL 4534540, at *2 (quoting *United States v. Dzhamgarova*, No. 21-CR-58 (MKV), 2021 WL 3113036, at *1 (S.D.N.Y. July 21, 2021)). "When considering an application to modify a defendant's bail conditions, the Court considers the statutory standards applicable to the setting of bail." *Id.* at *2 (internal quotation marks omitted). Specifically, the court considers (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person in the community that would be posed by the person's release. 18 U.S.C. § 3142(g). "At all times, the Government retains the ultimate burden of persuasion to establish that the defendant poses a danger to the community by clear and convincing evidence or a flight risk by a preponderance of the evidence." *United States v. Nguyen*, No. 25-CR-506 (AT), 2025 WL 3157750, at *3 (S.D.N.Y. Nov. 12, 2025).

## III.    **Argument**

Each of the factors under 18 U.S.C. § 3142(g) supports a curfew as the least restrictive condition necessary to reasonably assure Mr. James's appearance in Court. Mr. James is not a flight risk, his history and characteristics weigh heavily in favor of a curfew, and the scale of the Government's ongoing discovery productions has created materially changed circumstances that impede meaningful preparation under his home detention.

### A.    Mr. James is Not a Flight Risk

The Government bears the burden of demonstrating, by a preponderance of the evidence, that Mr. James presents a genuine risk of flight and that no combination of less restrictive conditions can reasonably assure his appearance. *See United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). The government has agreed to less restrictive conditions than those previously proposed, and neither can support nor, to its credit, seeks to maintain the current conditions.

Mr. James conduct, both before and after his arrest, demonstrates that he is not a flight risk. Mr. James first became aware of the Government's investigation when he received a Grand Jury Subpoena in October 2025. He has also been a party to proceedings in the First Brands bankruptcy case since September 2025, where many of the same allegations underlying this prosecution have been publicly aired. In short, Mr. James knew what was coming and decided to stay. As defense counsel noted during the arraignment, Mr. James intends to fight these charges and clear his name in this Court—a result he cannot achieve if he flees. Dkt. No. 26, Hr'g Tr. 24:16–22.

Mr. James history and personal characteristics also demonstrate that he is not a flight risk. Mr. James has lived in the United States for approximately forty years, not by circumstance but by choice. His wife, children, mother, sister, and extended family all reside here. His professional career has also been devoted entirely to building American businesses: creating and preserving jobs for American workers, both union and non-union, and strengthening the American automotive aftermarket. His business interests, investments, and professional obligations are located here. The United States is, in every meaningful sense, his home.

Mr. James's travel history also undermines any concerns regarding his potential flight. He has not left the United States since a three-day trip to Mexico in 2019 to inspect a First Brands manufacturing facility. His last trip to Malaysia was more than twenty years ago. He owns no residence abroad, maintains no close family overseas, and has no recent history of international travel. Moreover, the concerns raised at the arraignment regarding foreign contacts and overseas accounts have likewise not materialized. *See* Dkt. No. 26, Hr'g Tr. 23:17–24:2. The record developed since February does not support the conclusion that home detention remains necessary to mitigate any meaningful risk of flight.

Finally, Mr. James's conduct while on release provides the strongest evidence that a curfew will adequately assure his appearance. For nearly four months, he has complied fully with every condition imposed by the Court and Pretrial Services, including the advance-notice and telephone check-in requirements. Mr. James's unblemished record of compliance, now nearly four months in duration, is itself strong evidence that a curfew will adequately assure his continued appearance.

### B.    Changed Circumstances Warrant Modification

Courts recognize "that a changed situation or new information may warrant altered release conditions." *Dzhamgarova*, 2021 WL 3113036, at *1. That is precisely the case here.

Since Mr. James's arraignment, the Government has produced 4.4 million documents, the majority of which originate from third parties.  Those productions include emails, financial records, accounting data, transaction records, and other electronically stored information concerning hundreds of entities and individuals over a period spanning decades.

Meaningful review of that material requires in-person consultation between Mr. James and his counsel.  Mr. James possesses institutional knowledge regarding the transactions, financing arrangements, business units, and individuals reflected in the discovery that no third party can provide.  His assistance is critical to evaluating the significance of newly produced materials, identifying investigative leads, and preparing pretrial motions and trial defenses.  While remote communications are useful, they are not an adequate substitute for sustained, in-person review of millions of pages of complex financial records.

The current home-detention conditions materially impede that process.  Mr. James must provide at least forty-eight hours' advance notice before traveling to Manhattan to meet with counsel and must comply with multiple daily reporting requirements while away from his residence.  In addition, each trip from Long Island to counsel's offices in Manhattan requires several hours of travel time.  As a practical matter, these restrictions limit counsel's ability to schedule meetings on short notice, respond to new productions, and conduct the type of intensive preparation that a case of this size requires.

The need for greater flexibility is particularly acute given the current case schedule. Trial is set for February 9, 2027, and pretrial motion briefing will occur in August and September 2026. Over the coming months, counsel must continue reviewing millions of documents, prepare and litigate substantial pretrial motions, investigate potential defenses, and prepare for trial. Those tasks require frequent and flexible access to Mr. James that the current conditions unnecessarily restrict.

A curfew would address these concerns while preserving robust supervision. Mr. James would remain subject to location monitoring.  His passport has been surrendered.  His travel would remain restricted to the Southern and Eastern Districts of New York.  He would remain subject to all other conditions imposed by the Court.  As noted above, the Office of Pretrial Services does not object to this modification and has confirmed its ability to increase the frequency of telephonic location checks, with the schedule to remain at Pretrial Services' discretion.  *See United States v. Martin*, 21-CR-00228, 2022 WL 17343865, at *6 (E.D. Cal. Nov. 30, 2022) (noting Pretrial Services "are in the best position to gauge whether the conditions the Court has imposed are actually the least restrictive").

Under these circumstances, continued home detention is no longer the least restrictive condition necessary to reasonably assure Mr. James's appearance.  A curfew, combined with the substantial safeguards already in place, will fully serve the purposes of the Bail Reform Act while permitting Mr. James to participate meaningfully in the preparation of his defense.  *See Nguyen*, 2025 WL 3157750, at *4–5 (affirming pretrial release on curfew enforced by location monitoring where defendant had strong community ties, no criminal history, and a record of compliance with

4

supervision, and concluding that a combination of conditions including curfew and travel restrictions reasonably assured appearance).

## IV.    <u>Conclusion</u>

For the foregoing reasons, Mr. James respectfully requests that the Court modify his conditions of pretrial release to replace home detention with a 6:00 p.m. curfew, with travel restricted to the Southern and Eastern Districts of New York and enhanced telephonic location monitoring at a frequency to be set at Pretrial Services' discretion. Mr. James remains prepared to comply with any additional reporting, monitoring, or other conditions the Court considers appropriate.

We are available at the Court's convenience to discuss this request.

Very truly yours,

Scott Hartman

cc:    Counsel of Record

GRANTED.

SO ORDERED.

Dated: June 17, 2026
       New York, New York

ANALISA TORRES
United States District Judge

5